Jones, J.
We hold that a board of education cannot relinquish its ultimate responsibility with respect to tenure determinations and that a provision of a collective bargaining agreement which would have that effect is unenforceable as against public policy.
In this case, Terrance Hagen having been first employed as a teacher in September, 1971 was terminated in June of 1974, at the end of his probationary period. The teachers association filed a grievance on Hagen’s behalf asserting violation of each *776 of two provisions of the collective bargaining agreement between the board of education and the association. It was claimed that the board had not followed the procedures set forth in the agreement for evaluation of the performance of probationary teachers. The union further charged a breach of the provision of the agreement by which the board had agreed in paragraph I of article VII: "No teacher shall be discharged, disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without just cause.”
In accordance with the terms of the collective bargaining agreement the grievance proceeded to arbitration. The arbitrator sustained the position of the teachers association with respect to both issues. As to the first issue the arbitrator found: "that there was no clear communication to Hagen of dissatisfaction with his performance, no reasonable opportunity for him to improve that performance, and no positive effort made to assist in improving that performance, all in violation of the prime purpose of the evaluation procedure of Article XI, Para. A of the collective bargaining agreement.” As to the second, the arbitrator found "that there was no ‘just cause’ for terminating Hagen’s employment as required by Article VII, Para. I of the agreement.” By way of remedy the arbitrator directed the school district to offer Hagen employment as a teacher for the 1974-1975 school year. Although the award contained no explicit provision to such effect, the district and the union appear to agree that under general principles employment of Hagen beyond the probationary period would automatically ripen into tenure.
The school district thereupon instituted the present proceeding under CPLR article 75 to vacate the arbitration award, and the union cross-moved to confirm the award. Supreme Court upheld the arbitrator but, because the 1974-1975 school year had then passed, modified the award to provide that the fourth year of employment to be offered Hagen would be for the school year 1975-1976. The Appellate Division further modified by remitting the proceeding to the arbitrator with a direction to order the school district to reinstate Hagen as a teacher for the period of one year but without tenure, during which additional year the evaluation machinery was to be used. The determination of the Appellate Division was predicated on its conclusion that the powers of the arbitrator were limited to a direction only that the nontenured teacher be reemployed on a nontenure basis. The disposition at the Appel *777 late Division should be affirmed but on a somewhat broader ground than that articulated by that court.
In our view the authority and responsibility vested in a school board under the several provisions of the Education Law to make tenure decisions cannot be relinquished. While a board may legally agree to augment evaluation procedures and even to limit or to forego its right to discharge a probationary teacher during the period of probation, under the Education Law a board cannot surrender its authority to terminate the employment of a nontenured teacher at the end of the probationary period. Any provision of a collective bargaining agreement which would have that effect is accordingly unenforceable as against public policy. The provisions of paragraph I of article VII of the collective bargaining agreement here, to the extent that the school board thereby surrendered its authority to terminate a nontenured teacher without just cause at the end of the probationary period, transgressed this principle. We affirm, therefore, not alone on the ground that the arbitrator had no authority to fashion the remedy which he did (as to which we adopt the reasoning of the majority at the Appellate Division), but also on the ground that the underlying agreement on which the arbitration award was predicated was in part unenforceable. We find no difficulty with the clauses of the collective bargaining agreement that augmented normal evaluation procedures or that prohibited discharge without cause during the probationary period. We hold, however, that to the extent that paragraph I of article VII purported to prohibit termination without just cause at the end of the probationary period it is unenforceable.
The Education Law vests authority to make tenure decisions in the board of education, and there can be no doubt that under the provisions of that law a nontenured teacher may be refused tenure without reasons being given therefor (Education Law, §§ 2509, 2573, 3012, 3013, 6206). The only exception is where it has been established that the dismissal was for constitutionally impermissible reasons or in violation of statutory proscriptions (James v Board of Educ., 37 NY2d 891).
This responsibility, with the accompanying grant of en- ' abling authority, to select and screen the teaching personnel in the school must be exercised by the board for the benefit of the pupils and the school district and cannot be delegated or
*778 abnegated. Accordingly, it is beyond the power of the board to surrender this responsibility as part of any agreement reached in consequence of collective bargaining. "As a matter of educational policy, and in the interest of maintaining adequate standards in the classrooms, the dismissal of a probationary teacher is a matter vested by law in the board of education upon appropriate recommendation of the district superintendent of schools and not properly a matter for negotiation or the application of employee grievance procedures” (Matter of Marsh, 8 Ed Dept Rep 165). We reóognize the strong and sweeping policy of the State to support collective bargaining under the Taylor Law (Civil Service Law, art 14). We have sought to make it clear, however, that the general rule that any matter in controversy between a board of education and its teachers may be the subject of collective bargaining is limited "by plain and clear, rather than express, prohibitions in the statute or decisional law” (Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744) as well as in some instances by "[pjublic policy, whether derived from, and whether explicit or implicit in statute or decisional law, or in neither”. (Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-617; cf. Matter of Union Free School Dist. v Nyquist, 38 NY2d 137, 143.) The present is a precise instance of the latter exception. While the several sections of the Education Law do not explicitly forbid collective bargaining with respect to ultimate tenure decisions, we hold that this conclusion is inescapably implicit in such provisions.
We have held, however, that the bargained-for right to supplemental procedural steps preliminary to the board’s final action to grant or to withhold tenure is not to be rendered a nullity because of the board’s right to deny tenure without explanation (Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167). In the present case the arbitrator found a failure to follow more structured evaluation procedures. Accordingly, we see no occasion to disturb the award as modified, pursuant to which the school district is required to reinstate Mr. Hagen without tenure for one additional year to enable the board to re-evaluate his performance in accordance with the procedures specified in the agreement (Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167, supra).
*779 For the reasons stated the order of the Appellate Division should be affirmed.