Jones, J.
We address yet another in the series of cases in which it has been sought to resolve problems generated by the termination of a probationary appointment in public schools through recourse to arbitration.
Mrs. Miller was appointed a probationary teacher by the school district on September 1, 1971. Initially her probationary period would have expired in 1976. The five-year term was reduced, however, to three years by virtue of chapter 735 of the Laws of 1974, and was thus to expire on September 30, 1974.
The school district and the teachers association were parties to a collective bargaining agreement whose term ended on June 30, 1974. That agreement contained an extension clause that "If no contract has been reached after the date of the expiration of this agreement the conditions herein will remain in force until a new contract or agreement is reached”. On July 9, 1974 the negotiators for the parties reached agreement as to the terms of the new contract, subject to formal approval of the parties. The new contract was approved by the teachers association on September 3, 1974 and by the school district on September 10, 1974, and as approved contained a provision that it was to be effective as of July 1, 1974. Both the old and the new contracts contained grievance procedures terminating in arbitration. Only the new contract contained a provision prohibiting dismissal without just cause and prescribing a procedure to be followed preliminary to dismissal:
"No employee will be reduced in rank or dismissed within the period of his or her employment appointment without just cause during the term of this agreement. If the Board is considering dismissal it will provide at least one written *270 warning and will schedule a meeting among the immediate supervisor, the employee and his association representative for the purpose of improving his performance in order to continue his employment.
"Following such a conference, if the Board still determines that the employee should be dismissed, it will give said employee a minimum of 60 days written notice specifying reasons for dismissal.”
On July 15, 1974 the district superintendent of schools notified Mrs. Miller in writing that he was not recommending her for tenure appointment. On August 14, 1974 Mrs. Miller filed a grievance claiming that her employment had been terminated without just cause and in violation of the dismissal procedure negotiated by the school district and the teachers association. The grievance proceeded to arbitration and on January 29, 1975 the three-person board of review sustained Mrs. Miller’s contentions and directed the school district to reinstate her to her teaching position retroactive to September 1, 1974, with back salary (less earnings) and all fringe benefits.
The school district moved to vacate the award on the ground that the arbitrators had exceeded their powers. Supreme Court modified the award to eliminate any grant of tenure and otherwise denied the relief sought. The Appellate Division reversed and vacated the award. We now reverse the disposition at the Appellate Division and remit the matter to the arbitration panel to fashion an appropriate remedy in the light of the views expressed in this opinion.
No challenge was or is now raised to the propriety of recourse to arbitration as provided in the collective bargaining agreements.* The attack by the school district is focused only on the content of the award. It is the position of the district that notwithstanding the formal recital that July 1, 1974 was to be the effective date of the new contract (that date said now by the district to have been an inadvertent insertion), the provisions of the dismissal clause cannot legally be applied retroactively to a dismissal accomplished prior to approval of the new contract. (Mrs. Miller does not dispute that her grievance depends entirely on the application of that clause to *271 the termination of her employment.) Whatever may or may not be the strength of the school district’s argument on the merits, in consequence of its agreement under both old and new contracts to submit to arbitration disputes as to the interpretation and application of the collective bargaining agreement, errors, if any, of law or fact are beyond the reach of judicial review; the determination by the arbitration panel that the new contract is applicable has become final and conclusive on the school district. (Matter of Professional Staff Congress/City Univ. of N. Y. v Board of Higher Educ.. 39 NY2d 319, 323; Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274, 282.)
We proceed, therefore, on the assumption that the terms of the dismissal clause were applicable to the termination of Mrs. Miller’s employment. We note that the dismissal clause has two aspects:—one, substantive (that "No employee will be * * * dismissed * * * without just cause”); the other, procedural (requiring "at least one written warning”, "a meeting among the immediate supervisor, the employee, and his association representative for the purpose of improving his performance in order to continue his employment”, and "a minimum of 60 days written notice [from the board] specifying reasons for dismissal”). The arbitration panel determined that the contract provisions had been violated in both aspects and fashioned the remedy accordingly.
For purposes of our review, the violations of the procedural and substantive aspects of the dismissal clause as found by the arbitrators must be treated discretely. As to the substantive provision—that no employee may be dismissed without just cause—our recent decision in Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (40 NY2d 774) is dispositive. We there held that it was beyond the power of a board of education to surrender its responsibility and authority to make tenure decisions, and thus that any agreement purporting to limit or restrict the unfettered right to terminate a probationary appointment at the close of the probationary period would be unenforceable as against public policy. Accordingly, in this case to the extent that the arbitration panel determined that the school district was liable for having terminated Mrs. Miller’s employment a few weeks prior to the end of her probationary term "without just cause” and granted her a remedy therefor, the award must be set aside as in excess of the authority of the arbitrators.
*272 It is also relevant here, however, that in Cohoes we further held that a board of education in a collective bargaining agreement may limit or restrict its right to terminate a probationary appointment during the probationary period or agree to supplementary procedural steps preliminary to the termination of a probationary appointment—in that case "more structured evaluation procedures” (40 NY2d, at p 778). It follows, then, in this case that the school district’s commitment to the procedural aspect of the dismissal clause is not to be set aside as against public policy. Accordingly, there is no basis to interfere with the determination of the arbitration panel that the school district had violated this component of its agreement with the teachers association and that Mrs. Miller was entitled to a remedy for such violation.
In reviewing the arbitration award it cannot be ascertained, however, that the remedy fixed by the arbitrators was not at least in part predicated on the determination, which was beyond their authority to make, that the school district was liable for violation of the termination-without-just-cause provision of the collective bargaining agreement. It is thus necessary to remit this matter to the arbitration panel for determination by it of the remedy suited to its finding that there was a violation with respect to the procedure preliminary to the termination of Mrs. Miller’s employment.
Accordingly, the order of the Appellate Division should be modified, with costs, and the matter remitted to Supreme Court, Tompkins County, with directions to remand to the arbitration panel for further proceedings in conformity with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs, and the matter remitted to Supreme Court, Tompkins County, with directions to remand to the arbitration panel for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 That fact, however, does not preclude the school district from asserting an excess of authority by the arbitrators in this case (Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774).