■ In the Matter of IRENE GARBO, Appellant, v BOARD OF EDUCATION OF THE PATCHOGUE-MEDFORD PUBLIC SCHOOL DISTRICT et al., Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent Read, Superintendent of Schools of the Patchoque-Medford Public School District, to recommend that petitioner be granted tenure, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered November 18, 1977, which, after a hearing, *inter alia,* directed that the respondent board of education appoint her to an additional probationary year. Judgment reversed, on the law, without costs or disbursements, and the respondent superintendent is directed to issue a new recommendation to the respondent board with respect to the granting of tenure to the petitioner, which recommendation shall be based upon the evaluations made during her three-year period of probation, exclusive of the job evaluations made by the department chairman during petitioner's third year, which Special Term found were "tainted", and any other evaluations which were based thereon. Petitioner-appellant, a certified secondary school teacher of French, completed her three-year probationary term in the respondents' schools, during which she was observed and evaluated by eight different supervisors, including the superintendent's designee, in accordance with the evaluation procedures provided in the collective bargaining agreement. All ratings were satisfactory except for unfavorable evaluations made by the

department chairman, Dr. John Caros, in the final year with respect to petitioner's proficiency in her subject area, French, and certain reports which were based thereon. Dr. Caros had favorably evaluated the petitioner the preceding year, noting that she had "a good command of both French and English", and petitioner had been favorably evaluated during her first year of probation by Dr. Carlos' predecessor. The superintendent notified the petitioner that he would recommend denial of tenure on the basis of the chairman's rating (see Education Law, § 2509, subd 1, par [a], cl 2; § 3031). Petitioner commenced this proceedings, *inter alia*, to review the superintendent's decision and was granted a stay. The Special Term found, after a hearing, that the superintendent's decision was unconstitutionally motivated and that there was no independent basis to justify the refusal to grant petitioner tenure (see *Mount Healthy City School Dist. Bd. of Educ. v Doyle*, 429 US 274). No issue is raised on the appeal with respect to that conclusion. On the ground that there was no other evaluation upon which to base a determination, and on the superintendent's representation that there is no longer any expert in the French language in the district, the Special Term directed that the board appoint petitioner to an additional probationary year, during which the superintendent was to make a minimum of three classroom observations of petitioner and an expert in the French language, to be chosen by the superintendent, was to observe and orally test the petitioner. Special Term directed the superintendent to then make a new recommendation based on his personal observations and the report of the expert. On this record, there is no justification for extending the three-year statutory period of probation (see Education Law, § 2509). The superintendent should make his recommendation on the basis of the untainted evaluations made during the petitioner's three-year probationary period in accordance with the agreed-upon procedures. The cases on which the respondents rely are inapposite. Further, we note that the collective bargaining agreement provides for one observation by the superintendent and additional observations by the principal or his assistant and the department chairman (art XVI B 1). Bargained-for rights in the board's decision-making process are "not to be rendered a nullity" (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 778). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.