█ In the Matter of the Arbitration between BOARD OF EDUCATION, CARLE PLACE UNION FREE SCHOOL DISTRICT, Respondent, and CARLE PLACE TEACHERS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is (1) from a judgment of the Supreme Court, Nassau County, dated September 7, 1977, which granted the application and (2) as limited by appellant's notice of appeal and brief, from so much of an order of the same court, dated October 19, 1977, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order made on reargument. Order reversed insofar as appealed from, on the law, application to stay arbitration denied, and the parties are directed to proceed to arbitration. Appellant is awarded one bill of $50 costs and disbursements to cover both appeals. In our view a board of education may limit or forgo its right to dismiss a probationary teacher during the period of probation (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266, 272). Accordingly, the collective bargaining agreement here, which provided that a probationary teacher may not be dismissed without just cause, is valid insofar as it applies to a probationary teacher during his probationary term. The agreement to arbitrate disputes of the kind here presented is express, direct and unequivocal (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 511). Accordingly, the parties have been directed to proceed to arbitration. Hopkins, J. P., Martuscello, Suozzi and O'Connor, JJ., concur.