■ In the Matter of the Arbitration between BOARD OF EDUCATION OF NORWOOD-NORFOLK CENTRAL SCHOOL DISTRICT, Respondent, and FRANK F. HESS, as President of the Norwood-Norfolk Central Teachers Association, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 19, 1977 in St. Lawrence County, which granted petitioner's application to vacate an arbitrator's award. Harriet Liotta was employed as a part-time teacher by the Norwood-Norfolk Central School District. She was not rehired for the 1976-1977 school year and, therefore, filed a grievance pursuant to the controlling collective bargaining agreement procedure. The procedure culminated in binding arbitration. The arbitrator found that the decision not to rehire Liotta was made in violation of a substantive provision of the contract and ordered her reinstated. The provision in issue appears in the contract article entitled "Teacher Evaluation" and states: "It is recognized that a system of periodic evaluation is essential to assist teachers in developing competency and realizing their potential. It is further recognized that information gathered through such a system will enable decision by the Board of Education concerning reappointment, tenure, promotion, etc. to be made in a just and equitable manner. Consequently it is agreed that the policy on evaluation jointly developed by the administration and Teaching staff will be followed for the life of the contract subject to modification jointly agreed upon." The arbitrator interpreted this to mean that the board had undertaken the obligation to make all hiring decisions in a "just and equitable manner". The board argues that the contract language clearly applies only to its evaluation system and does not constrict its over-all hiring discretion. The arbitrator's interpretation, entitled as it is to great deference (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578), is rational and must be upheld. Similarly immune from interference is the conclusion of the arbitrator that

the decision not to rehire Liotta was unjust and inequitable. Liotta was dismissed for failure to maintain her certification, despite a published board policy that uncertified teachers would be retained so long as they acquired six graduate credit hours per year. Liotta had acquired the necessary credits, so it was rational for the arbitrator to find that she was unjustly treated. The board further contends that rehiring Liotta would be contrary to law and thus beyond the power of the arbitrator to order (see, e.g., *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). The board asserts that the directives of the Commissioner of Education prohibit continued employment of teachers who lose their certification and, therefore, the arbitrator's order compels the board to violate the law. The record does not indicate clearly what the commissioner's policy is, and there are indications that exceptions exist which would permit employment of uncertified teachers in some circumstances. In fact, the record contains a copy of a board resolution authorizing continued employment of uncertified teachers who regularly acquire graduate credit hours. The legality of the continued employment of Liotta need not be determined unless or until her qualifications are challenged by a third party. Order reversed, on the law and the facts, without costs; application to vacate award denied, and cross application to confirm award granted. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.