■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE DEPOSIT CENTRAL SCHOOL DISTRICT, Appellant, and CYNTHIA D. FISHER et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered February 10, 1977 in Broome County, which denied petitioner's application for a stay of arbitration. Respondent Cynthia D. Fisher was employed as a probationary teacher by petitioner board of education when, on June 30, 1975, her employment was discontinued by the board pursuant to the recommendation of the District Superintendent of Schools. Subsequently, on September 19, 1975, she and a representative of respondent Deposit Teachers Association delivered copies of grievance forms to petitioner in which it was alleged that her dismissal was violative of three articles of the collective bargaining agreement then in effect between the board and the association. The matter has presently been pursued through the initial four stages of the contractual grievance procedure, and the grievances have been summarily denied at each stage. Now respondents have served a demand for arbitration of the dispute upon the board, and in this proceeding the board seeks a stay thereof pursuant to CPLR 7503 (subd [b]). Holding that there existed a valid agreement to arbitrate the dispute and that all procedural and substantive issues relating thereto must be submitted to arbitration, Special Term denied the application for a stay, and this appeal ensued. We hold that the order of Special Term must be affirmed. Even assuming, *arguendo,* that respondents were properly served and that, consequently, the court had jurisdiction over respondents in this proceeding, nonetheless petitioner's application for a stay must be denied on the merits. Respondent's grievances include alleged violations by petitioner of teacher evaluation procedures and student discipline provisions contained in the collective bargaining agreement, and particularly in view of the broad arbitration clause likewise adopted in the agreement, these matters are clearly arbitrable (cf. *Matter of Board of Educ. v New Paltz United Teachers,* 44 NY2d 890; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). Similarly, disputes as to whether or not there has been compliance with the grievance procedures contained in the agreement are to be resolved by the arbitrator *(Matter of Board of Educ. [Newburgh Teachers' Assn.],* 58 AD2d 636). Order affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.