■ In the Matter of the Arbitration between the BOARD OF EDUCATION OF MIDDLE ISLAND CENTRAL SCHOOL DISTRICT No. 12, Appellant, and MIDDLE ISLAND TEACHERS ASSOCIATION et al., Respondents.—In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated May 12, 1978, which denied the application and directed the parties to proceed to arbitration. Judgment reversed, on the law, with $50 costs and disbursements, petition granted and arbitration is permanently stayed. In the third year of his probationary term as a teacher with the petitioner school district, respondent Rudy Monty was informed that he would not be recommended for tenure. The reasons given were that he had been insubordinate in failing to follow a specific direction to arrange a particular meeting and that he showed professional incompetence at a parent/teacher conference by the negative comments he made about a child and the negative attitude he expressed. Pursuant to the collective bargaining agreement between the school district and the respondent teachers association, a demand for arbitration was made by the teachers association approximately eight months after Monty's dismissal. The demand stated the nature of the dispute to be "Mr. Rudy Monty was improperly evaluated in violation of Article IX [total professional evaluation], Sections 2, 5 and 8." The remedy sought was "(1) [r]einstatement of all salary and benefits." Ordinarily, the demand would state a basis for arbitration. The evaluation of the performance of probationary teachers preliminary to a tenure determination is a permissible area of negotiation in the public employee sector, although the decision whether or not to grant tenure is not (see *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). In addition the collective bargaining agreement expressly provides for an evaluation procedure. Under the two-tier analysis recently set forth in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) to determine the arbitrability of agreements that arise under the Taylor Law (Civil Service Law, art 14), respondents appear to make out a right to proceed to arbitration. What is conspicuously absent here, however, is any connection between the action of the school board in denying tenure and the claimed violations with respect to the evaluation

procedures. The demand for arbitration avoids dealing with the fact that irrespective of respondent Monty's classroom performance—he may have been an outstanding teacher—the school board denied tenure for unrelated, nonarbitrable reasons. Any remedy that an arbitrator might fashion for a violation of the evaluation procedures in the present case would prevent the school board from exercising its authority to deny tenure for the reasons it gave (cf. *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411). Those reasons are unrelated to classroom performance, contrary to the situation apparently existing in *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.* (40 NY2d 774, *supra*). Interference with the school board's right to deny tenure is against public policy and precludes arbitration (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, *supra*). The instant demand, under the guise of arbitrating a proper contractual term, seeks to circumvent the prohibited arbitration of the denial of tenure. Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.