■ In the Matter of the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Appellant, v POUGHKEEPSIE PUBLIC SCHOOL TEACHERS' ASSOCIATION, Respondent. — In a proceeding to vacate an arbitration award, the petitioner board of education appeals from a judgment of the Supreme Court, dated August 26, 1979 and entered in Dutchess County, which denied its application to vacate and granted the respondent teachers' association's cross application to confirm the award. Judgment affirmed, without costs or disbursements. During the 1977-1978 school year, Mr. Braham, a tenured teacher, served as a physics teacher. However, because of illness he was absent frequently. In June, 1978 he was informed in writing that he would not be assigned to the teaching of physics during the 1978-1979 school year, but instead to science. The respondent alleged that the reassignment violated section 2 of article 18 of the parties' collective bargaining agreement, which provides: "Written notice of assignments shall be given by June 30 whenever possible. Teaching assignments will not be changed except where necessary for the effective management of the District. The wishes of tenured teachers shall be a primary factor in [determin-

ing] whatever changes shall be made. A reasonable effort shall be made to ascertain these wishes by consultation with the tenured teachers." The arbitrator, finding for the respondent, ordered that Mr. Braham be reassigned to teach physics. Special Term confirmed the award and this appeal followed. Petitioner contends that the parties lacked the power to agree to section 2 of article 18 of the agreement since it violates the express provisions of subdivision 5 of section 2508 of the Education Law. Furthermore, petitioner urges that the arbitrator's award based on the subject article should be vacated as violative of public policy. We disagree. We hold that section 2 of article 18 is procedural in nature and does not constitute an impermissible surrender of petitioner's educational prerogatives and duties (cf. *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774). Moreover, neither the subject article nor the arbitrator's award violates subdivision 5 of section 2508 of the Education Law, which provides, in part, that "The superintendent of schools *** shall possess *** the following powers and be charged with the following duties: *** to transfer teachers from *** one grade of the course of study to another grade in such course". We are dealing here with *course* changes. Subdivision 5 of section 2508 deals with the superintendent's powers to change grades. Finally, there is no violation of public policy in the arbitrator's award since it essentially constitutes a finding that the petitioner has not shown that Mr. Braham's reassignment is "necessary for the effective management" of the subject school system and does no more than place Mr. Braham in his original teaching assignment. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.