Meyer, J.
(concurring). The majority concludes that the collective bargaining provision in question on this appeal relates to substance rather than procedure but is nonetheless not in contravention of public policy because the discretion it controls is not that of the board of education but of the district superintendent. I agree that there should be an affirmance but only because the rule of Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (40 NY2d 774) and Matter of Candor Cent. School Dist. (Candor Teachers Assn.) (42 NY2d 266), upon which the majority relies, does not apply to a building principal and the arbitrator found that the building principal’s violation of the agreement was sufficient, by itself, to warrant the award made. Had the only violation been that relating to the district superintendent I would vote to reverse, for in my view the rule of the Cohoes and Candor cases proscribes substantive (as distinct from procedural) control of the discretion of the person or body, be it district superintendent or board of education, which is invested with the ultimate tenure decision. As the majority concedes, “the arbitrator’s interpretation of the provisions in the collective bargaining agreement governing teacher evaluations limited the power of the district superintendent to exercise discretion in making tenure recommendations”. Thus, if only the superintendent’s recommendation were involved in this proceeding, there would have to be a reversal.
Analysis of the governing statutes establishes, as is spelled out in detail below, (1) that with respect to termination of employment during an employee’s probationary period, ultimate discretion is uniformly in the school board, (2) that the decision to terminate employment at the end of the probationary period can only be made by the district superintendent, and (3) that as to a grant of tenure, the ultimate authority is in the board of education in districts *1042 governed by section 2509 of the Education Law, but in all other districts is in the district superintendent.
The relevant provisions of the Education Law are (or were) contained in sections 2509, 2573, 3012, 3013, 3014, 3031 and 6212. As to termination of school district employees during the probationary period, each provision[1] contains a sentence stating that “The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education”[2] or words of essentially identical import. Though section 6212, which deals with the City University of New York, does not contain such language, the result is the same for it relates tenure to reappointment for a sixth year after having been appointed for five full years continuously, and section 6206 vests ultimate power of appointment in the university’s board of trustees.
That the district superintendent’s recommendation at the end of the probationary period to deny tenure is binding upon the board of education is, however, clear from Matter of Anderson v Board of Educ. (38 NY2d 897). We there held that, in light of the statement in subdivision (c) of section 3031 that that section did not change existing law concerning appointments on tenure, the power given the board by subdivision (b) of that section to review a denial recommendation could not be construed as a power to reject the recommendation.[3]
To ascertain in whom resides ultimate power with respect *1043 to the grant of tenure, one must examine sections 2509, 2573, 3012, 3013, 3014 and 3031 as to school districts and section 6212 as to the City University. Upon such review it becomes apparent that, rather than section 2573 (subd 6) being, as the footnote to the majority opinion suggests, the sole provision mandating that the board act to implement the superintendent’s recommendation, section 2509 is one of the few provisions of the Education Law which invests the board of education rather than the district superintendent with discretion as to the granting of tenure.
Subdivision 2 of section 25 0 9[4] 5and subdivision 2 of section 3013[5] both provide that the superintendent report for appointment on tenure those persons found competent, efficient and satisfactory and that “By a majority vote the board of education may then appoint on tenure any or all of the persons recommended by the superintendent of schools.” In the districts governed by those provisions, the board, therefore, has the ultimate power.
Subdivision 6 of section 2573,[6] on the other hand, clearly mandates that the “board of education shall immediately thereafter [after receiving the superintendent’s recommendations for permanent appointment] issue to such persons permanent certificates of appointment”, and in Matter of Caraballo v Community School Bd. Dist. 3 (49 NY2d 488) we held that a board governed by that provision could not refuse to certify a person recommended by the superintendent.
Though not couched in such imperative language, the remaining provisions make clear that it is the recommendation of the superintendent rather than any act of the board which confers tenure. Thus, subdivisions 3 and 4 of section 2573, relating to city school districts, section 3012, governing school districts other than city school districts, and *1044 section 3014, covering boards of co-operative educational services, after providing for a recommendation by the superintendent each state that persons so recommended may only be removed for cause. The one important difference between sections 3012 and 3014 on the one hand and section 2573 (subds 3, 4) on the other is that the two former sections both state that a probationer “may be discontinued at any time during the probationary period, upon the recommendation of the superintendent of schools [district superintendent] by a majority vote of the board”. The inescapable inference is, therefore, that the board may reject a recommendation to dismiss a probationary employee, but may not reject a recommendation to grant tenure.
Finally, as to school districts it must be noted that subdivision (b) of section 3031 provides in its first sentence that: “Where a board of education, trustees of a common school district, or board of cooperative educational services votes to reject the recommendation of a superintendent of schools, district superintendent or district principal to grant tenure to any teacher employed on probation, such vote shall be considered advisory and at least thirty days prior to the board meeting at which such recommendation is to be finally considered, the board shall notify said teacher of its intention to deny tenure and the date of the board meeting at which it will take final action.” While that sentence clearly contemplates a board vote rejecting a recommendation that tenure be granted, it characterizes the vote as “advisory”. Furthermore, subdivision (c) of section 3031 makes clear that the section does not change the law pre-existing its enactment in 1972 (see Matter of Caraballo, supra) and all of the sections analyzed above were enacted prior to 1972.
To complete the picture it is only necessary to recall that, as already noted, section 6212 (formerly § 6206) governing the City University of New York, provides with exceptions not here relevant, that tenure is automatic after service for more than five years, and that appointment is the province of the board.
Discernible from the foregoing somewhat detailed review is it that the ultimate power as to denial of tenure in all districts and as to the grant of tenure in all districts except *1045 those governed by section 2509 and former section 3013 resides in the superintendent rather than the school board. Because that is so and because the collective bargaining provision relating to the Liverpool Central School District superintendent is substantive rather than procedural, I cannot accept the majority’s reasoning, although for the reason above noted I agree with its result.
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur; Judge Meyer concurs in result in a concurring opinion in which Judges Jasen and Jones concur.
Order affirmed, with costs, in a memorandum.

. (§2509, subd [1], par [a]; § 2573, subd 1, par [a]; see, also, subd 4; § 3012, subd 1, pars [a], [b] ; § 3013, subd 1, now repealed but continued as to persons appointed under § 3013 by § 3012, subd 1, par [c] ; § 3014, subd 1.)

. Subdivision (a) of section 3031, applicable to school boards except in cities of 1,000,000 or more population, establishes procedures concerning employees whose services are recommended to be discontinued, but subdivision (c) of the same section explicitly states that the section is not to be construed as modifying existing law with respect to discontinuance of the services of teachers.

. As Justice Frank A. Gulotta, writing for the Appellate Division and on whose reasoning, essentially, we affirmed, put it (46 AD2d 360, 363), under prior law “while a board of education could, in the face of a positive recommendation by its superintendent of schools, deny tenure to a probationary teacher, it could not, in the absence of such recommendation, bestow it.”

. Applicable to districts in cities with less than 125,000 inhabitants. The district involved in Cohoes (supra) was governed by section 2509.

. Repealed in 1978 but still applicable to persons appointed under its provisions, the section governed school districts employing eight or more teachers, other than city school districts and school districts having a population of 4,500 or more and employing a superintendent of schools. The district involved in Candor (supra) was governed by section 3013.

. Applicable to cities having a population of 400,000 or more.