■ In the Matter of COUNTY OF CLINTON et al., Petitioners, v WERNER H. KRAMARSKY, as Commissioner of the State Division of Human Rights, et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated January 22, 1982, which affirmed an order of the State Division of Human Rights finding petitioners guilty of an unlawful discriminatory practice based on national origin. The complainant in this human rights proceeding is of Spanish heritage and was employed in the office of Clinton County Sheriff Paul Guay as a deputy sheriff from 1968 to 1976. Although the reasons given by Sheriff Guay for the complainant's termination were that he had been reported sleeping on duty and had allegedly stolen certain property from other deputies in the department, complainant filed a complaint with the State Division of Human Rights in 1976 contending that he was fired because of his national origin. Following a hearing, the division ultimately found that the complainant was terminated by Sheriff Guay because of his national origin in violation of the Human Rights Law (Executive Law, art 15). Since Sheriff Guay had died in 1977 while this matter was pending before the division, his successor, Sheriff Russell Trombley, was ordered to make an offer to re-employ the complainant as a deputy. Clinton County was further directed to compensate the complainant with back pay from the date of his termination until such time as he accepted or rejected the offer of re-employment. The division's order was affirmed by the State Human Rights Appeal Board and this proceeding to challenge that determination was commenced by petitioners. Turning first to the issue of whether there is substantial evidence in the record in support of the finding that complainant was unlawfully discharged due to his national origin, it is our view that this administrative finding was proper. The complainant and his wife testified as to comments made by Sheriff Guay during the period between 1968 and 1971 in which he expressed his disapproval with complainant for dating girls in the Plattsburgh area who were not also of Spanish heritage. These comments, occurring at least five years before complainant's discharge in 1976, were the sole evidence supporting the finding that the discharge was motivated by complainant's national origin. While we feel compelled to point out that the evidentiary support for a finding of discrimination based on national origin in this case was weak, and, further, that a contrary finding would be much easier to uphold based on the record as a whole, we cannot say as a matter of law that the administrative finding is without a rational basis (*300 Gramatan Ave.*

*Assoc. v State Div. of Human Rights,* 45 NY2d 176, 182). We reach this conclusion in view of (1) the liberal construction which is to be accorded the Human Rights Law, (2) the wide powers vested in the commissioner to eliminate unlawful discriminatory practices, and (3) the practical difficulties inherent in any attempt to present conclusive proof of discrimination (*id.,* at p 183). Even though the finding that complainant was discharged by Sheriff Guay due to his national origin is supported by substantial evidence, confirmation of the board's determination in this matter by requiring the county to provide the complainant with back pay would violate article XIII (§ 13, subd [a]) of the New York State Constitution. That provision, which states that "the county shall never be made responsible for the acts of the sheriff", prohibits the vicarious imposition of liability upon a county for the wrongful acts of its Sheriff (see *Commisso v Meeker,* 8 NY2d 109; cf. *Barr v County of Albany,* 50 NY2d 247). While it is true that this court has upheld an administrative finding that the county and its Sheriff may be joint employers of a deputy sheriff for certain purposes (*Matter of County of Ulster v CSEA Unit of Ulster County Sheriff's Dept., Ulster County CSEA Ch.,* 37 AD2d 437 [PERB held that county and Sheriff were joint public employers of deputy sheriffs for purposes of collective bargaining under the Taylor Law]), the facts of this case do not warrant a similar finding. Nowhere in this proceeding is it alleged that Clinton County itself, as a party separate and distinct from the Sheriff's department, engaged in any discriminatory acts toward the complainant. The county is thus not a "respondent [that] has engaged in any unlawful discriminatory practice" (Executive Law, § 297, subd 4, par c) and any attempt to make it vicariously liable for the wrongful acts of its Sheriff must necessarily fail. Where a Sheriff found guilty of unlawfully discharging one of his deputies is still in office, we see no impediment to a directive of the State Division of Human Rights which requires that the deputy discriminated against be offered re-employment. However, where, as here, the current Sheriff is not the party guilty of any discrimination, it is beyond the division's power to fashion such a remedy. A Sheriff is personally liable for the acts of his deputies in performing civil duties (*Matter of Sirles v Cordary,* 49 AD2d 330, 333, affd 40 NY2d 950) and has broad authority in the selection of his deputies (County Law, § 652, subd 2). Thus, an order of the division which would force Sheriff Trombley, who has not committed any discriminatory acts, to hire a deputy not of his own choosing but for whose acts he would nevertheless be personally liable would deprive him of his power to select his own deputies (see *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430). Accordingly, the board's determination affirming the division's order must be modified by annulling that portion which directed that the complainant be offered a position as a deputy with the current Sheriff with back pay. The matter must be remanded to the State Division of Human Rights for the purpose of allowing the division to fashion any other remedy which is not inconsistent with this decision. Determination modified, without costs, by annulling that portion which requires the current Sheriff of Clinton County to offer a position of deputy sheriff to the complainant with back pay, and matter remitted to the State Division of Human Rights for further proceedings not inconsistent with the decision herein. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.