■ In the Matter of GUILDERLAND CENTRAL SCHOOL DISTRICT, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated July 23, 1982, which affirmed an order of the State Division of Human Rights directing Guilderland Central School District to cease discriminating against its employees because of race and color, and further directing said school district to offer to re-employ complainant and to pay her damages. Complainant Johnetta Hill is a black female certified as a physical education teacher by New York State. She was recruited by petitioner and commenced her duties as a probationary teacher in September, 1974. During the ensuing three years, complainant was observed and evaluated by the director of the physical education department several times and by the administrator for pupil personnel services twice. At the close of each school year she was evaluated by the school principal. In February of her third year, complainant was informed that she would not be recommended for tenure. On advice of the principal she resigned to protect an unblemished record and thereafter rescinded her resignation. She was not granted tenure and subsequently filed a complaint with the State Division of Human Rights, claiming discrimination because of her race and color. After a hearing, the commissioner agreed with complainant and respondent board affirmed and directed that claimant be offered re-employment as a tenured faculty member and that she receive back pay. This proceeding ensued. The sole question for our determination is whether there is substantial evidence to support the determination (*Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 384). The forms prepared by the director of the department showed claimant to be making progress in her methods, praised her rapport with her students and contained other similar comments. The forms filed by the principal contained such comments as "organization is improving", "good discipline in the classroom", and "excellent rapport with students". The forms prepared by the administrator during the third year just prior to making the determination on tenure were decidedly more negative. At the time of the hearing, there was only one black tenured teacher in petitioner's school district, which then employed some 281 teachers. Considering the record in its entirety and particularly the fact that most comments evaluating complainant were favorable until just before the determination on tenure, and the fact that there were only two black teachers in the school district, we are unable to say as a matter of law that the finding of discrimination is without a rational basis. Consequently, there is substantial evidence to sustain the

determination and we must confirm it (*Matter of County of Clinton v Kramarsky,* 90 AD2d 649). While the authority to grant tenure is vested solely in the appropriate board of education, there is a notable exception where the dismissal was, as here, for constitutionally impermissible reasons or in violation of statutory proscriptions (*Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777). In the present case, however, the tenure procedures practiced by petitioner, if applied in a nondiscriminatory manner, do not appear to be irreparably tainted so that further recourse to them would be futile, rendering a fair consideration impossible (see *New York Inst. of Technology v State Div. of Human Rights,* 40 NY2d 316, 326). Consequently, we are of the view that an appropriate remedy on this record is not to grant complainant tenure, but rather to reinstate her to her former probationary teaching position and afford her a fair and nondiscriminatory evaluation for tenure (see *Matter of Pace Coll. v Commission on Human Rights of N. Y.,* 38 NY2d 28). Determination modified, by annulling that portion which requires complainant be offered re-employment as a tenured faculty member and substituting therefor a direction that she be offered re-employment in the position of physical education teacher and given a nondiscriminatory tenure evaluation, and, as so modified, confirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.