■ In the Matter of JUDITH A. LEVITT, as Personnel Director of the City of New York, et al., Respondents, v BOARD OF COLLECTIVE BARGAINING OF THE CITY OF NEW YORK OFFICE OF COLLECTIVE BARGAINING, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Jeffrey Atlas, J.), entered November 9, 1988, which granted the petition of Judith Levitt, Director of Personnel of the City of New York, filed pursuant to CPLR article 78, and annulled the respondent Board's decision designated as Decision No. B-7-87 and dated March 25, 1987, by which the respondent, *inter alia:* (a) determined that Personnel Policy and Procedure Bulletin No. 401-86 (P.P.P. 401-86), constituted an unfair labor practice to the extent that it (1) required applicants for promotion to disclose existing debts they owed to the City of New York and to enter into an agreement to repay those debts before any promotion can be effected, and (2) required applicants for appointment to execute the repayment agreement before being accepted for appointment; and (b) directed, at the option of the City, all parties to negotiate in good faith concerning the disclosure and repayment of debts owed the City of New York by applicants for appointment and promotion, unanimously affirmed, without costs.

On April 23, 1986, the New York City Personnel Director issued Personnel Policy and Procedure Bulletin No. 401-86 in response to certain well publicized scandals which occurred in 1985 and 1986 in which evidence was uncovered showing that City employees were scofflaws or otherwise delinquent in the

payment of debts owed to the City. The policy provided that as of February 3, 1986, all candidates for appointment, promotion or reinstatement after a break in service (including those who were then newly hired or promoted), must identify and list all unpaid fines and debts owed to the City as a qualification for employment. In order to qualify for employment, candidates were required not only to list, but to agree to repay the amounts owed, either in a lump sum or, if hardship were shown, by way of payroll deduction.

It was conceded by the respondent Board of Collective Bargaining (BCB) that the questionnaire does not request any information not already on file with government agencies. Review of the questionnaire also shows that the candidate is not required to list any personal debts owed to any private person or entity, or to provide any other personal financial information. A tax information release included with the forms concerns only whether tax forms had been timely filed and does not authorize the release of the forms themselves. Clearly no invasion of the applicant's privacy rights is occasioned by the questionnaire.

Pursuant to P.P.P. 401-86, a candidate may controvert a debt first with the creditor agency and then, if that is unavailing, take the matter up with the Department of Personnel. The Department of Personnel will take no action with respect to a candidate until the matter is resolved. A candidate may also assert any relevant exemptions where appropriate. In short, the candidate, by filling out the forms and executing the attendant agreement, does not waive his or her rights to any of the normal procedures for challenging the debt alleged to be owed available to any other citizen. The policy makes clear that the denial of and/or disqualification from appointment or promotion is based only upon the candidate's refusal to pay the debt legally owed, as opposed to the mere acknowledgement of a debt left unpaid.

The information sought by P.P.P. 401-86, contrary to the unions' and the BCB's view, bears directly upon the determination of the applicant's character. While the respondent acknowledged that honesty and integrity may be qualifications for employment, if measured objectively, it concluded that the directive at issue had no bearing on the applicant's character. That conclusion was erroneously based upon the BCB's failure to comprehend that the refusal to repay a debt legally owed, bears upon personal integrity.

The law is clear that a public employer does not have to

bargain over employee qualifications or the right to review pertinent information related thereto *(see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Board of Educ. v Areman,* 41 NY2d 527). Administrative Code of the City of New York (Collective Bargaining Law) § 12-307 (b) explicitly provides that the determination of the standards of employment is outside the scope of collective bargaining. The section states: "[i]t is the right of the city, or any other public employer, acting through its agencies, to determine * * * the standards of selection for employment". Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ. *[See,* 140 Misc 2d 727.]