■ In the Matter of RUSH-HENRIETTA CENTRAL SCHOOL DISTRICT, Petitioner, v HAROLD R. NEWMAN, as Chairman of the New York State Public Employment Relations Board, et al., Respondents.—Determination and order unanimously modified on the law and as modified confirmed without costs, in accordance with the following memorandum: Petitioner Rush-Henrietta Central School District (District) commenced this CPLR article 78 proceeding to annul the decision of the respondent Public Employment Relations Board (PERB) which ordered the District to rescind its prohibition against smoking in District buildings and buses. PERB's decision, insofar as it

relates to District buildings, is supported by substantial evidence. PERB has held that smoking regulations affect terms and conditions of employment and are a subject for mandatory collective bargaining negotiation *(see,* Civil Service Law § 201 [4]; *Matter of Niagara County Unit [Mount View Health Facility],* 21 PERB 3014; *Matter of Steuben-Allegany BOCES,* 13 PERB 3096). PERB's decision is rational and entitled to considerable weight *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd.,* 48 NY2d 398, 404-405; *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46).

That portion of the PERB decision which directs the District to rescind its prohibition against smoking in District buses, however, must be deleted. The Commissioner of Education has issued a regulation (8 NYCRR 156.3 [g] [5]) which preempts the District's obligation to negotiate such a ban *(see, Board of Educ. v Associated Teachers,* 30 NY2d 122). We have reviewed the other arguments raised by the District and find them to be without merit. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Purple, J.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.