In the Matter of STATE OF NEW YORK (DIVISION OF MILITARY AND NAVAL AFFAIRS), Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, January 21, 1993

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General,* Albany *(Lew A. Millen-bach* and *Peter G. Crary* of counsel), for petitioner.

*Ernest F. Hart,* Albany *(David P. Quinn* of counsel), for New York State Public Employment Relations Board, respondent.

*Nancy E. Hoffman,* Albany *(Jerome Lefkowitz* of counsel), for Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO, respondent.

**OPINION OF THE COURT**

MAHONEY, J.

Petitioner employs a number of persons in positions titled airport firefighter. These employees work in 24-hour shifts and normally work six shifts in a 14-day period. Because several of

the airport firefighters also serve in an organized militia or reserve force, those persons, in addition to the other forms of paid leave generally available to public officers and employees, statutorily are entitled to paid military leave not to exceed 30 days or 22 working days per calendar year, whichever is greater (Military Law § 242 [5]). This leave is to be used when the employee is absent from work due to ordered military service (Military Law § 242 [5]).

Prior to January 1, 1990, if airport firefighters were absent from work due to ordered military service, petitioner accorded them one day of military leave for each 24-hour shift they were not present. Effective January 1, 1990, however, petitioner announced that as a result of a 1986 opinion handed down by the Comptroller which interpreted the term "working days" used in Military Law § 242 (5) as meaning an eight-hour shift, airport firefighters would have to charge three days of military leave for each 24-hour shift they missed due to ordered military service (1986 Opns St Comp No. 86-61, at 95). This change resulted in a more rapid exhaustion of the firefighters' military leave credits. It is uncontroverted that petitioner did not negotiate the subject of the change with respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO (hereinafter CSEA), the union representing the airport firefighters.

Claiming that the change involved compensated leave and thus was a mandatory subject of negotiation, CSEA filed an improper practice charge against petitioner alleging violation of the Taylor Law (Civil Service Law § 209-a [1] [d]). The parties entered stipulations of fact in lieu of a hearing and the matter was submitted to an Administrative Law Judge (hereinafter ALJ) for decision. The ALJ found that the military leave allotment set forth in Military Law § 242 (5) was simply the minimum required by law, that excess leave benefits could be provided by the employer without violation of the statute and that if the employer chose to do so, the amount of the excess, because it involved the subject of paid leave, was a mandatory topic of collective bargaining. Concluding further that petitioner's prior military leave computation practice accorded the firefighters a benefit in excess of the statutory minimum, the ALJ found that petitioner's unilateral reduction thereof constituted a change in a mandatorily negotiable subject and thus was a violation of the Taylor Law.

Petitioner then filed objections to the ALJ's findings with respondent Public Employment Relations Board (hereinafter

PERB). Most significantly, petitioner took exception to the ALJ's conclusions that Military Law § 242 (5) established a minimum standard for military leave, that petitioner has discretion to accord its employees more military leave time than that set forth in the statute and that petitioner had in fact adopted a past practice of providing paid military leave in excess of that required by statute. Evidently of the belief that petitioner subsequently had conceded that Military Law § 242 (5) does not prohibit it from granting leave in excess of the time provided therein, PERB found it unnecessary to pass on the first two objections noted above.[1] As regards the third issue, PERB concluded that based upon the stipulated record before it, CSEA satisfied its initial burden of proving a unilateral change in a term of condition of employment *(see, Matter of Schuylerville Cent. School Dist. [Schuylerville Teachers Assn.],* 14 PERB ¶ 3035, at 3057). This operated to place the onus upon petitioner to come forward with evidence that the change was excusable. According to PERB, the stipulated facts failed to establish excusable action. In this regard, it concluded that simply because petitioner's "change in practice was prompted by an interpretation of Military Law § 242 (5) [did] not prove * * * that [its] military leave practices were initially established and subsequently maintained strictly in accordance with the terms of that statute". As such, petitioner's objections were denied in their entirety. Petitioner then commenced this CPLR article 78 proceeding to review PERB's determination and the matter was transferred to this Court pursuant to CPLR 7804 (g).[2]

---

1. In dictum, however, PERB stated its agreement with the ALJ's interpretation of Military Law § 242 (5).

2. ■ We note at this juncture that despite petitioner's contention to the contrary, the fact that the parties chose to proceed upon stipulated facts in lieu of participating in the otherwise mandatory hearing *(see,* 4 NYCRR 204.2 [a]; *Matter of Margolin v Newman,* 130 AD2d 312, 315-316, *appeal dismissed* 71 NY2d 844) does not change the nature of this proceeding from certiorari to mandamus to review. It is the requirement of an adjudicatory hearing with the full complement of conventional due process protections that invokes the certiorari remedy; more particularly, the fact that the record established at the hearing provides the sole basis upon which the determination is to be made *(see, e.g., Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757-758; *see generally,* Siegel, NY Prac § 560, at 878-879 [2d ed]; 5 NY Jur 2d, Article 78 and Related Proceedings, § 41, at 420-422). All of the foregoing characteristics are present here. Because the matter is properly classified as certiorari and because petitioner seeks review of, among other things, the correctness of the factual conclusions underlying PERB's determination, the substantial evidence standard of review is implicated.

Under the Taylor Law, it is an improper practice for a public employer to refuse to negotiate in good faith with the certified representative of its public employees prior to adopting or changing a practice which implicates a mandatory subject of negotiation *(see, e.g., Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist. v New York State Pub. Empl. Relations Bd.,* 82 AD2d 691, 693). Whether a subject is mandatorily negotiable depends, in general, upon whether it is a term or condition of employment within the meaning of Civil Service Law § 204 (2), a determination which rests, in the first instance, with PERB *(Matter of Saratoga Springs City School Dist. v New York State Pub. Empl. Relations Bd.,* 68 AD2d 202, 208, *lv denied* 47 NY2d 711; *see, Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46). Here, PERB adopted the ALJ's conclusion that military credits in excess of that provided by statute do constitute a term or condition of employment. While ordinarily this conclusion triggers mandatory negotiation, in a few instances, what might otherwise be a negotiable term or condition of employment is prohibited from being collectively bargained *(see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660, 667). One such instance and that alleged to be applicable here occurs when a statute, by its terms, directs that certain action be taken by the employer, leaving no room for negotiation *(supra).* However, inasmuch as the obligation to collectively bargain as to all terms and conditions is a "strong and sweeping policy of the State" *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778), in order to be found to preempt negotiation the statutory prohibition must be plain and clear *(see, e.g., Matter of Union Free School Dist. No. 2 v Nyquist,* 38 NY2d 137, 143; *Board of Educ. v Associated Teachers,* 30 NY2d 122, 129).

■ Here, petitioner posits that the portion of Military Law § 242 (5) which states that public employees are entitled to paid military leave *"not exceeding* a total of thirty days or twenty-two working days, whichever is greater" (emphasis supplied), constitutes an express and definitive statutory limitation on the grant of paid leave benefits in excess of that provided by statute. We disagree. Far from being a clear and plain prohibition, the emphasized language is at best equivocal. Nor is petitioner's position supported by a reading of the legislative history. Review of the legislative documents reveals absolutely no hint or suggestion that the statutorily mandated period was intended to be a ceiling on paid military leave

from which employers were precluded from deviating (Bill Jacket, L 1952, ch 608; *see*, 1990 Opns St Comp No. 90-56, at 129-130). Finally, while not dispositive, it is not without significance that petitioner's interpretation is directly contrary to that taken by then-Governor Carey who, in connection with his veto of a proposed 1981 amendment to Military Law § 242 (5) which effectively would have authorized 10 additional days of paid military leave, noted that the proposal "would undermine the integrity of the collective bargaining process to provide, through legislation, increased benefits which are more properly the subject of labor negotiations" (Governor's Veto Message disapproving S 2077, Mem No. 48, July 27, 1981).[3]

Because Military Law § 242 (5) does not operate to prohibit a public employer from providing its employees with paid military leave in excess of that prescribed therein and because PERB's conclusion that excess military leave benefits are mandatorily negotiable terms or conditions of employment is in all respects reasonable *(see, Matter of Saratoga Springs City School Dist. v New York State Pub. Empl. Relations Bd., supra; see also, Matter of West Irondequoit Teachers Assn. v Helsby, supra; cf., Matter of City of Albany [Albany Police Officers Union],* 7 PERB ¶ 3078), the only issue left for resolution is whether PERB's determination that petitioner's action constituted a unilateral reduction in military leave benefits is supported by substantial evidence. In this regard, petitioner argues that PERB misread the stipulation of facts as containing an admission that it unilaterally changed a term or condition of the firefighters' employment, that is, the number of days of paid military leave available to them, and thus erroneously concluded that CSEA satisfied its initial burden of proof. According to petitioner, it only admitted that it changed the method by which it accounted for military leave, not that it changed a term or condition of employment. We find this argument unpersuasive. Regardless of whether it is classified as a substantive change or simply a change in accounting practices, the practical effect of petitioner's action is a reduction in the number of compensatory military leave days and thus a reduced economic benefit to its firefighters. Inasmuch as this represents a demonstrable change in a long-standing

---

3. Indeed, as pointed out by PERB, benefits in excess of those set forth in Miliary Law § 242 (5) were previously administratively granted *(see,* 4 NYCRR 21.15, 28-1.17).

past practice, PERB's determination that this factual stipulation satisfied CSEA's initial burden of proof is reasonable and supported by substantial evidence.

WEISS, P. J., LEVINE, CASEY and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.