In the Matter of NEWARK VALLEY CENTRAL SCHOOL DISTRICT, Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants.

Third Department, April 15, 1993

### APPEARANCES OF COUNSEL

*Ernest F. Hart,* Albany *(David P. Quinn* of counsel), for Public Employment Relations Board, appellant.

*Bernard F. Ashe,* Albany *(Ivor R. Moskowitz* of counsel), for The Newark Valley Cardinal Bus Drivers, appellant.

*Hogan & Sarzynski,* Binghamton *(John P. Lynch* of counsel), for respondent.

*Jay Worona,* Albany *(Pilar Sokol* of counsel), for New York State School Boards Association, *amicus curiae.*

### OPINION OF THE COURT

HARVEY, J.

In February 1990 petitioner established a smoking policy, which became effective in March 1990, that was designed to promote the general policy against smoking in the open areas of schools embodied in Public Health Law § 1399-o (2) (a). Among the provisions of this policy was a ban on smoking by bus drivers on petitioner's school buses regardless of whether students were present.[1] In enacting the complete ban on smoking on school buses, petitioner did not negotiate with respondent Newark Valley Cardinal Bus Drivers, NYSUT/AFT/AFL-CIO, Local 4360 (hereinafter the drivers), despite a demand to negotiate, *inter alia,* the issue of the right to smoke on unoccupied buses. The drivers then timely filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB), alleging that the refusal to negotiate was a violation of Civil Service Law § 209-a (1) (d). Petitioner disputed this claim and the matter was submitted upon stipulated facts to an Administrative Law Judge (hereinafter ALJ), who determined that petitioner had committed an improper employer practice by not negotiating with the drivers. Petitioner filed exceptions with PERB, and upon appeal PERB affirmed the ALJ's decision.

---

1. While the actual wording of the prohibition is not so clearly spelled out on the issue of smoking on school buses, petitioner has stipulated that its intent was to ban smoking on school buses in all circumstances.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul PERB's determination. Issue was duly joined and in PERB's answer it counterclaimed for confirmation and enforcement of its determination. Supreme Court granted the petition and annulled PERB's determination. This appeal by PERB and the drivers ensued.

In annulling PERB's determination, Supreme Court relied on the Fourth Department's decision in *Matter of Rush-Henrietta Cent. School Dist. v Newman* (151 AD2d 1001, *lv denied* 75 NY2d 704) and concluded that petitioner's obligation to negotiate the smoking ban in school buses not occupied by students was superseded by provisions of the Education Law and the regulations promulgated thereunder *(see,* Education Law § 3624; 8 NYCRR 156.3 [g] [5]). The *Rush-Henrietta* case involved very similar facts to the instant case in that the smoking policy promulgated by the employer also banned smoking even when no students were present.[2] The Court in *Rush-Henrietta,* without elaborating on the particulars of the smoking ban at issue, concluded that the employer's duty to negotiate a ban on smoking on school buses was preempted by 8 NYCRR 156.3 (g) (5), which provides that "[d]rivers shall not smoke * * * while [the] vehicle is transporting pupils". The issue of what effect Education Law § 3624 and 8 NYCRR 156.3 (g) (5) have on petitioner's similar smoking ban is now before this Court.

Initially, with respect to the threshold issue of the level of judicial deference that should be accorded PERB's determination, we note that, while PERB's determination that petitioner's smoking policy involved terms and conditions of employment should be afforded deference *(see, Matter of Rush-Henrietta Cent. School Dist. v Newman, supra,* at 1002), its determination that petitioner's duty to negotiate was not superseded by Education Law § 3624 or 8 NYCRR 156.3 (g) (5) need not be shown deference because the issue does not involve PERB's Taylor Law (Civil Service Law art 14) expertise, only pure statutory interpretation *(see, Matter of City School Dist.*

---

2. While the actual facts in *Rush-Henrietta (supra)* were not set out in great detail in the Fourth Department's decision, they were set out more fully in PERB's determination in that case where it was indicated that the smoking policy banned smoking even when no students were present *(see, Matter of Rush-Henrietta Employees' Assn. [Rush-Henrietta Cent. School Dist.],* 21 PERB ¶ 3023, *mod sub nom. Matter of Rush-Henrietta Cent. School Dist. v Newman,* 151 AD2d 1001, *supra).*

*v New York State Pub. Empl. Relations Bd.,* 74 NY2d 395, 402).

Turning to the preemption issue, we have examined the pertinent issues closely and found that we are in agreement with the Fourth Department's decision in *Rush-Henrietta* to the extent that it appears to indicate that 8 NYCRR 156.3 (g) (5) has removed petitioner's duty to negotiate a smoking ban when students are on the buses. With respect to the subject issue of the permissibility of smoking when students are not on the buses, however, we conclude that the language of 8 NYCRR 156.3 (g) (5) does not amount to a "plain and clear" provision leaving no room for the employer to negotiate this specific issue *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, 744; *Matter of State of New York [Div. of Military & Nav. Affairs] v New York State Pub. Empl. Relations Bd.,* 187 AD2d 78). To the contrary, the specific language of 8 NYCRR 156.3 (g) (5) and Education Law § 3624 leaves little doubt that the Legislature was primarily concerned with smoking and other activities by school bus drivers that "would otherwise impair the safe operation of * * * transportation facilities *while actually being used for the transport of pupils*" (Education Law § 3624 [emphasis supplied]). No mention is made regarding the issue of whether drivers may smoke when students are not present, and for that reason we conclude that this issue was not preempted by 8 NYCRR 156.3 (g) (5).

Further, there is no public policy inherent in Public Health Law § 1399-r that removes petitioner's obligation to negotiate *(see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778; *Matter of Union Free School Dist. No. 2 v Nyquist,* 38 NY2d 137, 143). Public Health Law § 1399-r provides only that "[s]moking may not be permitted where prohibited by any other * * * regulation" (Public Health Law § 1399-r [3]). Because 8 NYCRR 156.3 (g) (5) does not prohibit smoking when no students are present, Public Health Law § 1399-r (3) does not apply. Moreover, there is nothing in Public Health Law article 13-E prohibiting smoking by the drivers when no students are present. The public policy against second-hand smoke that is inherent in Public Health Law article 13-E *(see,* L 1989, ch 244, § 1) is inapplicable to the issue of smoking when no students are present. Accordingly, we can find no "objectively demonstrable public policy" *(Matter of Union Free School Dist. No. 2 v Nyquist, supra,* at 143) superseding petitioner's obligation to bargain collectively.

In conclusion, we find that PERB's determination that

petitioner's smoking policy as it relates to the issue of smoking on unoccupied buses affects the terms and conditions of the drivers' employment is rational *(see, Matter of Rush-Henrietta Cent. School Dist. v Newman, supra,* at 1002). Consequently, the determination that petitioner had committed an improper public employer practice regarding this aspect of its policy should not have been annulled. Due to our determination on this point, it is unnecessary to reach the remaining arguments of the parties.

LEVINE, J. P., MERCURE, MAHONEY and CASEY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination confirmed, petition dismissed and respondent Public Employment Relations Board's counterclaim for enforcement is granted.