OPINION OF THE COURT
Chief Judge Kaye.
The issue before us is whether a ban on smoking by school bus drivers when no students are on board should have been collectively bargained, as a term or condition of employment, or was preempted by statute or policy and therefore properly adopted by the school district unilaterally. We conclude, as did the Appellate Division, that the matter was subject to collective bargaining.
I.
In early 1990, appellant Newark Valley Central School District adopted a smoking ban designed to promote the general policy against smoking in open areas of schools "[i]n accordance with Public Health Law, Article 13-E, 1399-0 (6),” the State legislation addressing the risks of secondhand smoke. Appellant’s resolution, however, also included a rule banning smoking in school buses, whether or not students were present.[1] After denial of a demand to negotiate, the bus *319 drivers filed an improper practice charge with the Public Employment Relations Board (PERB), alleging violation of Civil Service Law § 209-a (1) (d).
The matter was referred on stipulated facts to an Administrative Law Judge (ALJ), who rejected the District’s contention that PERB was bound by the decision of the Appellate Division in Matter of Rush-Henrietta Cent. School Dist. v Newman (151 AD2d 1001, lv denied 75 NY2d 704). In that case the Fourth Department held a regulation of the Commissioner of Education (8 NYCRR 156.3 [g] [5]), promulgated pursuant to Education Law § 3624, preempted the obligation of a school district to negotiate a ban on smoking in school buses.* [2] Finding that neither the Education Law nor Public Health Law article 13-E required appellant’s rule, the ALJ concluded that it was subject to negotiation.
PERB confirmed the ALJ’s determination, rejecting the District’s additional contention that its rule was justified by "an inherent, residual core of policy or right which permits it to avoid a bargaining duty if it acts in the name of the students’ health and safety” (see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd. (75 NY2d 660, 667). PERB concluded that article 13-E of the Public Health Law and existing regulations reflected the entirety of the State’s current public policy concerning secondhand smoke risks, and that no additional facts in the record supported the conclusion that smoking in a bus necessarily presents a health hazard when there are no passengers.
The District then instituted this CPLR article 78 proceeding seeking annulment of PERB’s determination. Supreme Court granted the petition, holding that the Commissioner of Education’s smoking regulation preempted a school district’s obliga *320 tian to negotiate a blanket prohibition against smoking on its buses. The Appellate Division, Third Department, reversed, concluding that neither the statute nor the regulations prohibited collective bargaining. We agree.
II.
The scope of our review is well settled. We accord deference to PERB, as the agency charged with implementing the Taylor Law (Civil Service Law art 14), as to matters falling within the agency’s special competence developed in administering the statute — whether, for example, a particular matter is a term or condition of employment (see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 667, supra, citing Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50; Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47). Deference to PERB is not required, however, if the issue is one of statutory interpretation, dependent on discerning legislative intent, as statutory construction is the function of the courts (Matter of Rosen v Public Empl. Relations Bd., 72 NY2d, at 47-48, supra). Because the question whether the District’s duty to negotiate a smoking policy was preempted by statute or policy is an issue of law, we must independently examine whether smoking on school buses was a prohibited bargaining subject (see, Matter of City School Dist. v New York State Pub. Empl. Relations Bd., 74 NY2d 395, 402).
"Preemption,” in the Taylor Law context, means that collective bargaining of terms and conditions of employment is prohibited because a plain and clear bar in statute or policy involving " 'an important constitutional or statutory duty or responsibility’ ” leaves an agency with no discretion as to how an issue may be resolved (Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 668, supra). In the absence of such a law or policy, a subject may be negotiated.
Examination of the statutory and regulatory schemes which purport to address smoking compels the conclusion that the subject of smoking by school drivers on empty buses is not preempted. Education Law § 3624, and the Commissioner’s implementing regulation (8 NYCRR 156.3 [g] [5]), speak to conduct that might "impair the safe operation of * * * transportation facilities while actually being used for the transport of pupils” (8 NYCRR 156.3 [g] [5] [emphasis added]). The *321 District therefore cannot look to the Education Law as authority to regulate driver conduct when buses are not actually being used for the transport of pupils — in other words, when students are not on board.[3]
Nor are the Education Law provision and its implementing regulation aimed at eliminating dangers posed to pupils by secondhand smoke. Whether smoking drivers do or do not present a health hazard to students who later board the bus, an issue we do not reach,[4] the grant of regulatory authority pursuant to Education Law § 3624 is limited to activities that might distract the driver from safe driving practices. This is apparent from the prohibition on eating and drinking, which carry no secondhand risk to students, but might cause the driver to lose concentration on the task of operating the bus.[5] Negotiation of smoking restrictions while students are not on board is therefore not prohibited by Education Law § 3624 or 8 NYCRR 156.3 (g) (5).
Regulation of the environmental hazard caused by secondhand smoke is unquestionably the concern of Public Health Law article 13-E (see especially, L 1989, ch 244, § 1). This legislation likewise does not preclude negotiation over the issue of smoking on school buses in the absence of pupils. The statutory scheme contains no explicit or implied prohibition against smoking under such a circumstance. Far from supporting the District’s claim of preemption, Public Health Law § 1399-0 (6) (d) permits smoking by a driver of a vehicle that has no passengers. While Public Health Law § 1399-0 (1) (g) prohibits smoking in "public means of mass transportation,” smoking in buses is prohibited only "when occupied by passengers.” Most decisive of the issue before us, therefore, is section 1399-0 (6) (i) of the Public Health Law, mandating that any smoking restrictions above the statutory minimum be subject to collective bargaining.
What remains for determination is whether negotiation is *322 nevertheless preempted by a compelling public policy. While we have acknowledged the theoretical possibility that a policy rooted in " 'an important constitutional or statutory duty or responsibility’ ” may require it, we have never found preemption on the strength of a policy alone (Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 667-668, supra).
Secondhand smoke unquestionably poses health hazards, a reality acknowledged in article 13-E of the Public Health Law. The extent to which residual smoke would present such risks, if indeed any is present in the buses, is unresolved. The Legislature, while acting forcefully to protect against certain secondhand smoke, has not deemed residual smoke in vehicles to warrant regulation.[6] We conclude that at the present time there is no compelling public policy regarding residual smoke that would justify a refusal to negotiate a change in the District’s smoking policy.
Because regulation of smoking affects a term or condition of employment (as determined by PERB, and unchallenged), and because a rule affecting smoking on empty buses is not mandated by law or policy, we conclude that appellant’s unilateral action was improper.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Bellacosa, Smith and Ciparick concur; Judges Titone and Levine taking no part.
Order affirmed, with costs.

. Although the rule’s stated prohibition was limited to smoking in *319 "district vehicles occupied by more than one person unless the occupants of such vehicle agree that smoking may be permitted,” appellant has stipulated that the District’s intent was to ban smoking on school buses in all circumstances.

. Education Law § 3624, entitled "Drivers,” authorizes the Commissioner to implement rules and regulations concerning — "but not limited to” —smoking, eating and drinking "and any and all other acts or conduct which would otherwise impair the safe operation of such transportation facilities while actually being used for the transport of pupils.” The regulation, 8 NYCRR 156.3 (g) (5), which is included within a section entitled "Safety regulations for drivers and pupils,” provides: "Drivers shall not smoke, eat or drink any liquid, or perform any act or conduct themselves in any manner which may impair the safe operation of a school bus while such vehicle is transporting pupils.”

. Significantly, a bill to amend Education Law § 3624 to prohibit smoking on buses regardless of the actual presence of pupils recently passed the Assembly (see, 1993 NY Assembly Bill A 727).

. While the District contends that residual smoke could affect the safety of students when the bus is actually being used for their transport, such a risk was not stipulated to before PERB. The scope of our review is, of course, limited to what was before the agency (Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47, supra).

. Indeed, at oral argument the District abandoned its contention that its rule was supported by Education Law § 3624.

. We note that a bill to amend article 13-E to forbid smoking on "any vehicles used to transport children or school personnel” and to eliminate smoking on all buses even when unoccupied by passengers recently passed the State Assembly (see, 1993 NY Assembly Bill A 7139-D).