OPINION OF THE COURT
Joseph J. Dowd, J.
In this CPLR article 78 proceeding, petitioner New York City Transit Authority (Transit Authority) seeks an order and judgment annulling a determination of the respondent New York State Public Employment Relations Board (PERB), dated October 2, 2002, which sustained upon a stipulated record in lieu of a hearing a finding of an administrative law judge (ALJ) that the Transit Authority had violated section 209-a (1) (a) of the Public Employees’ Fair Employment Act (Civil Service Law, art 14, § 200 et seq. [the Act or the Taylor Law]) when it denied an employee’s request for union representation at an investigatory interview of alleged workplace misconduct.
The stipulated facts presented to the ALJ provided as follows: On April 24, 2001, the Transit Authority received a written complaint that a member of respondent Transport Workers Union, Local 100 (TWU), car inspector Igor Komarnitskiy, had made a racist remark. The Transit Authority management requested that Mr. Komarnitskiy submit a written memorandum (known as a G-2) responding to the allegation. Initially, Mr. Komarnitskiy prepared the G-2 together with TWU shop chair Michael Russell. Transit Authority management requested that Mr. Komarnitskiy prepare a second G-2 in the office of Superintendent Charles Adam on the ground that Mr. Russell may have either influenced the content of the first G-2 or had himself written the G-2. The Transit Authority denied Mr. Russell’s request to be present in Mr. Adam’s office while Mr. Komarnitskiy prepared the second G-2 claiming that Mr. Komarnitskiy was not entitled to union representation. Several other TWU representatives attempted to gain entrance to Adam’s office while Mr. Komarnitskiy prepared the second G-2, but the door was locked and they were denied entrance.
On May 8, 2001, TWU filed an improper employer practice charge with PERB against the Transit Authority, alleging that the Transit Authority violated section 209-a (1) (a) and (c) of the Act by failing to recognize the right of a public employee *534 under the Act to have union representation while being questioned about an event which could result in discipline.
The matter was referred on stipulated facts to an ALJ, who rejected the Transit Authority’s contention that there exists no statutory right under section 202 of the Act to union representation during an investigatory interview. The ALJ predicated his determination upon the United States Supreme Court decision in National Labor Relations Bd. v Weingarten (420 US 251 [1975]) which held that a private sector employee has a statutory right under the National Labor Relations Act (NLRA) to refuse to submit without union representation to an investigatory interview which he reasonably fears may result in his discipline. The ALJ held that the Act accords public employees a parallel Weingarten right to seek assistance and representation from his or her union regarding a matter that is likely to affect his or her employment.
PERB sustained the ALJ’s determination finding that a statutory Weingarten right existed under the Act and further rejecting the Transit Authority’s additional claim that its action in denying Mr. Komarnitskiy the right to union representation while he prepared the second G-2 was a measured response to TWU representative Russell’s improper involvement in preparing the first G-2.
The Transit Authority has now instituted this CPLR article 78 proceeding seeking annulment of PERB’s determination. The Transit Authority argues that there are fundamental differences in the language of the NLRA which created the Weingarten right and the provisions of the Act and that PERB in interpreting the Act to include such Weingarten rights has improperly exceeded its authority as an administrative agency and usurped the authority of the Legislature. Indeed, the Transit Authority notes that the Legislature had the opportunity in last year’s legislative session to consider a bill that would have specifically amended the Taylor Law to create a Weingarten right for public sector employees and its failure to pass such a bill must be interpreted to mean that no such right presently exists under the Act.
The Transit Authority argues further that PERB in reaching its determination overlooked TWU’s misconduct and that of its member in preparing the G-2, as evidenced by the different handwriting of the two statements, and that such misconduct undermines any claim that the Transit Authority deliberately interfered with an employee’s rights under the Act.
Both PERB and TWU have interposed answers in which they seek a transfer of the proceeding to the Appellate Division *535 pursuant to CPLR 7803 (4) on the ground that the inquiry-before the court raised by petitioner Transit Authority is whether or not PERB’s determination is supported by substantial evidence in the record. The court finds that although petitioner frames the issue presented in this proceeding as one of whether there is substantial evidence in the record to support PERB’s determination, the substantial evidence standard of review is not implicated inasmuch as the primary issue in this proceeding is one of statutory interpretation, namely, whether PERB properly found that under the Taylor Law an employee has a right to union representation at an interview into an allegation of workplace misconduct. Thus, the issue to be resolved is whether PERB’s determination is arbitrary and capricious (see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 85 NY2d 480, 485 [1995]; Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47 [1988]). The Transit Authority’s claim as to PERB having overlooked evidence of the employee’s and TWU’s misconduct in reaching its determination was not central to PERB’s determination and, indeed, PERB appears to have found that resolution of such factual issue was unnecessary to its determination. Accordingly, transfer to the Appellate Division is not warranted.
Generally, the scope of the court’s review of matters within the review of PERB, as the agency charged with interpreting the Taylor Law (Civil Service Law art 14), is limited (see, Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 81 [2000]; Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd., 83 NY2d 315, 320 [1994]; Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47-48 [1988]). PERB’s determination of matters falling within its special competence developed in administering the statute must be accorded deference (see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 85 NY2d 480, 485 [1995]). However, if the issue is one of statutory construction “ ‘dependent only on accurate apprehension of legislative intent [with] little basis to rely on any special competence’” (Matter of Rosen v Public Empl. Relations Bd., 72 NY2d, supra at 47-48, quoting Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]), such deference to PERB is inapplicable as statutory construction is the function of the court (see, Matter of Schenectady Police Benevolent Assn., v New York Police Benevolent Assn., supra; Matter of Webster Cent. School Dist. v Public Empl. Relations Bd., 75 NY2d 619, 626 [1990]).
*536 This court is of the opinion that PERB has developed and possesses special competence in the administration of the Taylor Law. In executing its obligations to interpret the provisions of the Act, PERB has had countless opportunities to review the nature of public employment and consider the scope of the Taylor Law’s protections when compared to those afforded private employees under the NLRA. Resolution of such disputes are largely made at the administrative level, so that the courts are only infrequently called upon to review its determinations. Viewed in this context, this court concludes that the issue presented upon this petition is a matter within PERB’s expertise and, thus, the court is limited to determining whether PERB’s interpretation of the statutory provisions is rational and not arbitrary or irrational (see, Matter of Village of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404 [1979]). In any event, even if the court were to determine that the issue is one of pure statutory construction depending on discerning legislative intent, its independent review of the Taylor Law would not produce a contrary result.
In Weingarten the United States Supreme Court in affirming a determination of the National Labor Relations Board held that under section 7 of the NLRA a private sector employee has a statutory right to “refuse to submit without union representation to an interview which he reasonably fears may result in discipline.” Respondent PERB has held that a parallel Weingarten right exists for public sector employees pursuant to section 202 of the Act and that a denial of such right constitutes a violation of section 209-a (1) (a) of the Act.
Section 202 provides that: “Public employees shall have the right to form, join and participate in, or refrain from forming, joining or participating in, any employee organization of their own choosing.” Respondents held that contrary to petitioner’s arguments, the difference in language between section 202 of the Act and section 7 of the NLRA does not preclude a finding that public employees are possessed of a Weingarten right since “there is no clearer expression of participation in an employee organization than the request for union representation at an investigatory interview which may result in discipline” (PERB’s Oct. 2, 2002 decision at 4-5).
The language of section 7 of the NLRA is somewhat broader than the Taylor Law providing that “Employees shall have the right to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.”
*537 It is petitioner’s position that the absence in the Taylor Law of the language “other concerted activity,” which is contained in section 7, is a fundamental difference between the two statutes militating in favor of a determination that a Weingarten right was not legislated when the Taylor Law was enacted and may not be administratively created. Although it is well established that marked differences exist between private and public employment, and the Court of Appeals has held in a different context that the Legislature in creating the Taylor Law did not intend to protect the same broad range of employee activity as is protected under section 7 of the NLRA (see, Matter of Rosen v Public Empl. Relations Bd., 72 NY2d, supra at 49), the court nevertheless finds that PERB’s interpretation of section 202 of the Act as intending to provide for a right of union representation for public service employees is reasonable and the court will not substitute a different interpretation. The Taylor Law rights to organization, representation and collective bargaining for public employees are wholly consistent with Weingarten. The court in upholding PERB’s statutory interpretation recognizes the importance of protecting the full measure of rights afforded by the right of organization and representation. Indeed, the Legislature in recently considering amendments to the Taylor Law to specifically provide for Weingarten rights appears to be simply attempting to clarify the full panoply of rights implicit in the rights to organization, representation and collective bargaining provided by the Taylor Law.
On the basis of the foregoing discussion, PERB’s determination that the Transit Authority committed an improper employer practice within the meaning of section 209-a (1) of the Taylor Law should, therefore, be upheld.
Accordingly, the petition is denied and the proceeding is dismissed.