■ In the Matter of CITY OF ROCHESTER, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [790 NYS2d 788]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], entered August 3, 2004) to review a determination of respondent Public Employment Relations Board. The determination found that petitioner had violated Civil Service Law § 209-a (1) (a).

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the petition is granted in accordance with the following Memorandum: In this transferred CPLR article 78 proceeding, petitioner, City of Rochester (City), seeks to annul a determination of respondent Public Employment Relations Board (PERB), made after a hearing, that the City committed an improper

employer practice in violation of Civil Service Law § 209-a (1) (a) by denying the members of respondent Rochester Police Locust Club, Inc. (Union) access to Union representatives during criminal investigation interviews. We conclude that PERB abused its discretion in making that determination in light of New York State's strong public policy prohibiting any interference with criminal investigations.

The Union filed two improper employer practice charges against the City as the employer of two Union members, officers of the Rochester Police Department (RPD). The charges arose from two unrelated criminal investigations that were instituted after the officers discharged their weapons in the course of their duties. The Union alleged that the City improperly prohibited the officers from consulting with their Union representatives prior to being interviewed during the criminal investigations and prevented the Union representatives from being present during the interviews. The officers were permitted to consult with Union representatives prior to later interviews that RPD conducted as part of the employment disciplinary process. An administrative law judge (ALJ) consolidated the two cases, conducted a hearing, and issued a decision that ordered RPD not to question any police officers on any matter without permitting a Union representative to be present. PERB affirmed the ALJ's decision and the City commenced the instant proceeding.

We conclude that PERB abused its discretion in making its determination. In general, "[a]s the agency charged with implementing the fundamental policies of the Taylor Law [Civil Service Law article 14], [PERB] is presumed to have developed an expertise and judgment that requires us to accept its construction [of the statute] if not unreasonable" (*Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404 [1979]; *see Matter of Town of Greece v Cuevas*, 280 AD2d 967, 968 [2001]). PERB's interpretation of the Taylor Law must therefore be followed unless it is affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see Incorporated Vil. of Lynbrook*, 48 NY2d at 404).

In an unrelated proceeding, PERB had previously determined that any employee has the right, under Civil Service Law § 209-a (1), to have union representatives present at any interview that the employee reasonably believes could result in disciplinary action (*see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 196 Misc 2d 532 [2003]). PERB determined that the right to union representation set forth in

*National Labor Relations Bd. v J. Weingarten, Inc.* (420 US 251 [1975]) applied under the Taylor Law as well (*see id.*).

Without expressing any view of the propriety of that determination, we conclude that, in this instance, PERB abused its discretion in expanding a public employee's rights to include the right to have a union representative present during a criminal investigation. New York State has a strong public policy that prohibits union interference with criminal investigations (*see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 281-283 [2000]). Under that public policy, a collective bargaining agreement may not limit or restrict procedures that are used in a criminal investigation (*see City of New York*, 95 NY2d at 284; *Board of Educ. of City of N.Y. v Hershkowitz*, 308 AD2d 334, 337 [2003], *lv dismissed* 2 NY3d 759 [2004]). PERB's determination that a Union representative must be present during a criminal interview violated that public policy.

The City's remaining contentions are academic in light of our determination. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.