Matter of State of New York v New York State Pub. Empl. Relations Bd. (2020 NY Slip Op 02839)





Matter of State of New York v New York State Pub. Empl. Relations Bd.


2020 NY Slip Op 02839


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528783

[*1]In the Matter of State of New York, Petitioner,
v
New York State Public Employment Relations Board et al., Respondents.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Michael N. Volforte, Governor's Office of Employee Relations, Albany (Clay J. Lodovice of counsel), for petitioner.
David P. Quinn, Public Employment Relations Board, Albany, for New York State Public Employment Relations Board, respondent.
Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Steven M. Klein of counsel), for Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO, respondent.
Robin Roach, District Council 37, AFSCME, AFL-CIO, New York City (Erica C. Gray-Nelson of counsel), for District Council 37, AFSCME, AFLJ-CIO, Local 1359, respondent.
Lippes Mathias Wexler Friedman LLP, Albany (Erin N. Parker of counsel), for New York State Correctional Officers and Police Benevolent Association, Inc., respondent.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Public Employment Relations Board finding that petitioner committed an improper employer practice.
Petitioner is a public employer under Civil Service Law § 201 (6) (a) (1). In 2009, the Department of Civil Service (hereinafter DCS) issued a bulletin stating that, as part of the 2008-2009 budget, a fee schedule had been created for the processing of applications for promotional and transitional examinations. For at least 10 years prior to the issuance of this bulletin, however, DCS did not require the payment of fees to process these applications. As such, respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO, respondent District Council 37, AFSME, AFL-CIO, Local 1359 and respondent New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter collectively referred to as respondents), the collective bargaining representatives for various employees, filed improper practice charges with respondent Public Employment Relations Board (hereinafter PERB) alleging that petitioner violated Civil Service Law § 209-a (1) (d). Following a hearing, an Administrative Law Judge determined that there was no violation, specifically concluding that, even assuming that the charging of fees was a subject of mandatory negotiation, the creation of the fee schedule was an exercise of DCS's discretion. On administrative appeal, PERB reversed, finding that respondents had a reasonable expectation of a past practice and remanded the matter for a determination on the issue of whether the creation of the fee schedule was a subject of mandatory negotiation. On remand, an Administrative Law Judge concluded that the practice of not charging a fee was an economic benefit and, therefore, was a subject of mandatory negotiation. PERB subsequently upheld this determination.
Petitioner commenced this CPLR article 78 proceeding seeking annulment of PERB's determinations. PERB joined issue and asserted a counterclaim seeking to enforce its remedial order. The proceeding was thereafter transferred to this Court.
Under the Taylor Law (see Civil Service Law § 200 et seq.), a public employer is required to bargain in good faith with its employees regarding all terms and conditions of employment (see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 78 [2000]; Matter of Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 175 AD3d 1703, 1704 [2019]). "The presumption in favor of bargaining may be overcome only in special circumstances where the legislative intent to remove the issue from mandatory bargaining is plain and clear" (Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d at 78-79 [internal quotation marks and citation omitted]). Furthermore, a public employer violates the Taylor Law when it alters a past practice that impacts a mandatory subject of negotiation (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331 [1998]; Matter of State of New York [Div. of Military & Naval Affairs] v New York Pub. Empl. Relations Bd., 187 AD2d 78, 82 [1993]). "Whether a past practice exists depends on whether it was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the practice would continue" (Matter of Spence v New York State Dept. of Transp., 167 AD3d 1188, 1189-1190 [2018] [internal quotation marks and citation omitted]). "Our review of a PERB determination is limited to whether it is supported by substantial evidence, that is, whether there is a basis in the record allowing for the conclusion that PERB's decision was legally permissible, rational and thus not arbitrary and capricious" (Matter of DeOliveira v New York State Pub. Empl. Relations Bd., 133 AD3d 1010, 1011 [2015] [internal quotation marks and citations omitted]; see Matter of State of New York v New York State Pub. Empl. Relations Bd., 176 AD3d 1460, 1463 [2019]; Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238 [2017]).
We reject petitioner's assertion that the application fee was not a term and condition of employment. PERB found, and we agree, that the employees at issue received an economic benefit by not having to pay an application fee for promotional examinations (see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 491 [2014]; Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist., Onondaga & Madison Counties v New York State Pub. Empl. Relations Bd., 82 AD2d 691, 693-694 [1982]).[FN1] We are unpersuaded by petitioner's contention that, under Civil Service Law § 50 (5), the creation of a fee schedule was a prohibited or permissive subject of bargaining. As PERB noted, this statute contains no express prohibition on the bargaining of application fees (see Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 668, 670 [1990]; Matter of State of New York [Div. of Military & Naval Affairs] v New York Pub. Empl. Relations Bd., 187 AD2d at 82). The statute also gives petitioner discretion to charge or abolish fees (see Civil Service Law § 50 [5] [b]) and, therefore, is not "so unequivocal a directive to take certain action that it leaves no room for bargaining" (Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd., 75 NY2d at 668). Furthermore, the decision to impose an application fee for promotional and transitional examinations is not an inherent or fundamental policy decision related to petitioner's primary mission (see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 19 NY3d 876, 880 [2012]). Accordingly, we find no error in PERB's determination that the application fee was a mandatory subject of negotiation.
Regarding the issue of a past practice, it is undisputed that, for at least 10 years prior to the bulletin advising of the creation of a fee schedule, fees were not charged to employees who wanted to take a promotional or transitional examination. It is also undisputed that there were no negotiations with respondents regarding these fees. The record further discloses that, in 2004 and 2005, proposals were submitted to establish a fee schedule for promotional and transitional examinations, but they were ultimately rejected. PERB relied on the foregoing evidence in concluding that the employees represented by respondents had a reasonable expectation that the practice of not charging fees would continue. Because substantial evidence exists supporting PERB's determination that petitioner engaged in an improper practice, it will not be disturbed (see Matter of State of New York v New York State Pub. Empl. Relations Bd., 176 AD3d at 1464; Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd., 62 AD3d 1066, 1066 [2009], lv denied 13 NY3d 711 [2009]).
Finally, PERB's counterclaim for a judgment of enforcement of its remedial order should be granted given that it "could be reasonably applied, was not unduly burdensome and seemingly furthered the goal of reaching a fair negotiated result" (Matter of State of N.Y. v New York State Pub. Empl. Relations Bd., 176 AD3d at 1465 [internal quotation marks, brackets and citations omitted]; see Civil Service Law § 213 [d]). Petitioner's remaining contentions have been considered and are unavailing.
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, petition dismissed, and respondent Public Employment Relations Board is entitled to a judgment of enforcement of its remedial order.



Footnotes

Footnote 1: We also note that the fees were to be applied only to promotional and transitional examinations, which target current state employees, as opposed to open examinations, which pertain to the public at large (see e.g. Matter of Newark Val. Cardinal Bus Drivers, Local 4360, NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd., 303 AD2d 888, 889 [2003], lv denied 100 NY2d 504 [2003]).