# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 5
In the Matter of State of New
York,
    Appellant,
      v.
New York State Public Employment
Relations Board, et al.,
    Respondents.

Clay J. Lodovice, for appellant.
Michael T. Fois, for respondent New York State Public Employment Relations Board.
Steven M. Klein, for respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO.
Kevin P. Hickey, for respondent New York State Correctional Officers and Police Benevolent Association, Inc.

SINGAS, J.:

Consistent with Civil Service Law § 50 (5), the Department of Civil Service (DCS) unilaterally implemented application fees for promotional and transitional civil service exams. We hold that the imposition of such fees was not a term and condition of

- 1 -

employment as defined in Civil Service Law § 201 (4) and, thus, the State had no obligation to negotiate those fees under the Taylor Law (*see* Civil Service Law § 200 *et seq.*).

The State offers promotional and transitional civil service exams that provide qualified State employees the opportunity to seek other public employment. Civil Service Law § 50 (5) generally governs application fees for civil service exams, including promotional and transitional exams. Section 50 (5) (a) states: "Every applicant for examination for a position . . . shall pay a fee to the civil service department . . . at a time determined by it." "Notwithstanding" section 50 (5) (a), section 50 (5) (b) says that

> "the state civil service department, subject to the approval of the director of the budget, . . . may elect to waive application fees, or to abolish fees for specific classes of positions or types of examinations or candidates, or to establish a uniform schedule of reasonable fees different from those prescribed in [section 50 (5) (a)]."

Section 50 (5) (b) also requires that exam fees be waived for certain candidates, including those who receive public assistance and veterans seeking their "original appointment."

From at least 1999 until 2009, DCS waived the application fees to take promotional and transitional exams for employees represented by respondents.[1] In 2009, however, DCS began assessing fees for the exams to defray the cost of processing the applications. DCS did not collectively bargain regarding the imposition of the fees with respondents prior to taking such action. Respondents thereafter filed improper practice charges with the New

---

[1] Respondents are Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO; District Council 37, AFSCME, AFL-CIO, Local 1359; and New York State Correctional Officers and Police Benevolent Association, Inc.

York State Public Employment Relations Board (PERB), alleging that the State violated Civil Service Law § 209-a (1) (d) by unilaterally implementing the fees.

PERB initially (1) reversed an administrative law judge's (ALJ) decision dismissing the consolidated charges and (2) remanded the matter for further proceedings (*see* 46 PERB ¶ 3032 [2013]). PERB concluded that not charging the subject fees was an enforceable past practice.

PERB later affirmed a second ALJ decision and ordered the State to (1) stop requiring employees represented by respondents to pay fees for promotional and transitional exams and (2) reimburse those employees any money that they paid as a result of the State's unilateral imposition of the fees (*see* 51 PERB ¶ 3027 [2018]). PERB concluded that waiving the fees for promotional and transitional exams was a term and condition of employment because it was an "economic benefit" to the employees (*id.*). PERB then rejected the State's arguments that the imposition of the fees is a prohibited or permissive subject of collective bargaining pursuant to Civil Service Law § 50 (5). Instead, PERB determined that the subject was mandatorily negotiable and that, as previously established, the State's past practice of not charging such fees was enforceable.

The State commenced this CPLR article 78 proceeding seeking to annul PERB's determinations. Upon transfer from Supreme Court, the Appellate Division, among other things, (1) confirmed the determinations and (2) dismissed the petition (*see* 183 AD3d 1061, 1064 [3d Dept 2020]). The Court held that "the application fee" was a term and condition of employment because "the employees at issue received an economic benefit by not having to pay" that fee (*id.* at 1062-1063). The Appellate Division agreed with PERB's

conclusions that the imposition of the fees was a mandatory bargaining subject and that an enforceable past practice existed (*see id.* at 1063). We granted the State leave to appeal (*see* 37 NY3d 913 [2021]), and now reverse.

The Taylor Law "requires all public employers and employee organizations to negotiate in good faith to determine represented employees' terms and conditions of employment" (*Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 491 [2014]; *see* Civil Service Law §§ 203, 204 [2]; 209-a [1] [d]). In light of New York's " 'strong and sweeping' public policy in favor of collective bargaining" (*Matter of City of Long Beach v New York State Pub. Empl. Relations Bd.*, 39 NY3d 17, 22 [2022], quoting *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 78 [2000]), "the presumption is that all terms and conditions of employment are subject to mandatory bargaining" (*Matter of City of Watertown*, 95 NY2d at 79).

Still, a public employer's bargaining obligations apply only to " 'terms and conditions of employment,' " a phrase defined by statute as "salaries, wages, hours and other terms and conditions of employment" (Civil Service Law § 201 [4]; *see id.* §§ 203, 204 [2]). PERB has interpreted this statute to mean—and maintains here—that any "economic benefit" afforded to employees is a term and condition of employment (*Matter of Whitestown Police Benevolent Assn. [Town of Whitestown]*, 34 PERB ¶ 4536 [2001]; *see Matter of Local 237, Intl. Bhd. of Teamsters [Town of Islip]*, 44 PERB ¶ 3014 [2011]). Pointing to *Matter of Town of Islip*, PERB argues that we adopted its construction that all economic benefits are terms and conditions of employment. PERB misapprehends our holding. In *Matter of Town of Islip*, we merely acknowledged that PERB had determined

that "employee use of an employer-owned vehicle for transportation to and from work is an economic benefit *and* a mandatorily negotiable term and condition of employment" (23 NY3d at 491 [emphasis added]). PERB erroneously reads this language as adopting a per se rule that *any* economic benefit is a term and condition of employment.

We reject that rule and conclude instead that PERB's determination in this case conflicts with Civil Service Law § 201 (4) and our precedent. This Court has explained that "form[s] of compensation," including employees' health benefits, qualify under the statute as a term and condition of employment (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331 [1998]). Further, to be a term and condition of employment under section 201 (4), an economic benefit must have some nexus to the employment. For example, in *Matter of Town of Islip*, the employees' use of vehicles to commute to their jobs was a term and condition of employment because the employer provided an economic benefit that was plainly related to the employment. PERB's determination here improperly eliminated the nexus requirement.[2]

Civil Service Law § 50 (5) vests DCS with power to impose fees to recoup the administrative costs of conducting civil service exams, not with authority to alter the employer-employee relationship through the imposition of the fees. The fees for

___

[2] Our precedent establishes that "[w]hether a dispute involves a 'term and condition' of employment is generally committed to PERB's discretion" (*Matter of City of Watertown*, 95 NY2d at 81). However, the general rule requiring us to defer to PERB on this issue does not apply here because PERB's determination was affected by an error of law on a matter of statutory interpretation (*see Matter of Town of Islip*, 23 NY3d at 492; *Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.*, 83 NY2d 315, 320 [1994]).

promotional and transitional exams at issue here are akin to fees imposed by an agency with plenary authority to set fees for licenses that an employer may demand as a job requirement, such as a driver's license or professional license. As with those fees, DCS's statutory authority to impose the at-issue application fees is unrelated to the employment itself. The fees have no connection to job qualifications, criteria for employment, or job-related duties and obligations. The imposition of the subject fees is therefore not encompassed within the definition of terms and conditions of employment under Civil Service Law § 201 (4). Nor did the waiver of the fees for State employees render them terms or conditions of employment.

Because the imposition of the fees was not a term and condition of employment, the State had no obligation to negotiate with respect to their implementation. PERB's conclusion to the contrary was error. The remaining issues raised by the parties are either unpreserved or academic in light of our determination. Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition to annul PERB's determinations granted.

Order reversed, with costs, and petition to annul the determinations of the New York State Public Employment Relations Board granted. Opinion by Judge Singas. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson and Troutman concur.

Decided February 14, 2023